UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. C-10-158 |
| | § | |
| SEAN JOSEPH | § | |

## ORDER

On this day came on to be considered Plaintiff United States of America's Motion for Summary Judgment. (D.E. 5.) Plaintiff United States of America's Motion for Summary Judgment is DENIED.

### I.   Jurisdiction

The Court has federal question jurisdiction over this case pursuant to 28 U.S.C. §1331 because this case arises under the Higher Education Act of 1965, 20 U.S.C. §§ 1070-1080.

### II.   Factual and Procedural Background

Plaintiff alleges that Defendant Sean Joseph, while a student, made an application for and received a $2625.00 federally insured student loan from the U.S. Department of Education. (D.E. 5.) The promissory note was dated September 8, 1988, and payable to the Merchants National Bank of Topeka, in Lincoln, Nebraska. (D.E. 5 at 1.) The U.S. Department of Education was notified that after diligent attempts to collect on the loan, Defendant did not repay the loan. (D.E. 5.) As a result of the default, Defendant's note was purchased by U.S. Department of Education. (D.E. 5.) According to the United States, Defendant owes $2,815.89 in principal, $4,471.79 in interest, $350 in

administration fees, $77 in process server fees, and $785 in attorney's fees, for a total of $8,499.68, as of July 14, 2010. (D.E. 5-1 at 1.)

The United States filed this action on May 24, 2010. (D.E. 1.) Defendant filed an answer on June 15, 2010, in which he claimed "the Social Security Number your [sic] trying to collect on does not belong [to] me." (D.E. 3 at 1.) The United States filed a Motion for Summary Judgment on July 13, 2010. (D.E. 5.) Defendant did not file a response, and thus Plaintiff's Motion is deemed unopposed. S.D. TEX. LOCAL RULES 7.3, 7.4 (providing that opposed motions will be submitted to the judge for ruling twenty-one days from filing, responses must be filed by the submission date, and failure to respond will be taken as a representation of no opposition).

### III.   Discussion

#### A.   Summary Judgment

Under Federal Rule of Civil Procedure 56, summary judgment is appropriate if the "pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "A motion for summary judgment cannot be granted simply because there is no opposition, even if the failure to oppose violated a local rule. The movant has the burden of establishing the absence of a genuine issue of material fact and, unless he has done so, the court may not grant the motion, regardless of whether any response was filed." Hibernia Nat'l Bank v. Administracion Central Sociedad Anonima, 776 F.2d 1277, 1279 (5th Cir. 1985).

### B. Default of a Student Loan

To recover on a promissory note, the United States must establish that (1) Defendant signed the note; (2) the government is the current owner or holder of the note; and (3) the note is in default. United States v. Lawrence, 276 F.3d 193, 197 (5th Cir. 2001); United States v. Lewis, 2005 U.S. Dist. LEXIS 35267 (W.D. Tex. Dec. 5, 2005).

In this case, the Court cannot grant summary judgment because Plaintiff has not demonstrated through sufficient summary judgment evidence that Defendant signed the promissory note at issue. Although Plaintiff states that Defendant Sean Joseph signed the promissory note, and provides a Certificate of Indebtedness to that effect (D.E. 5, 5-5), the attached note contains no such signature, and in fact has a significant portion redacted. (D.E. 5-6.) Without sufficient evidence to demonstrate that Defendant signed the promissory note at issue, an essential element of the prima facie case, the Court cannot grant summary judgment at this time. As such, Plaintiff's Motion for Summary Judgment must be denied, subject to reconsideration upon presentation of sufficient summary judgment evidence.

### IV. Conclusion

For the reasons stated above, Plaintiff's Motion for Summary Judgment is DENIED. (D.E. 5.)

SIGNED and ORDERED this 6th day of December, 2010.

_____
Janis Graham Jack
United States District Judge